IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:
Brian J. Miller, and Anita M. Osborne,
    Debtor(s).

Ronda J. Winnecour, Chapter 13 Trustee,
    Movant(s),
vs.
Brian J. Miller, and Anita M. Osborne,
    Respondent(s).

CASE NO. 19-21844 TPA

Chapter 13

## SUPPLEMENTAL ORDER OF COURT REGARDING DISPOSITION OF SALE PROCEEDS

WHEREAS, the Trustee is in receipt of proceeds in the amount of $93,569.28 from the sale of 200 Southcrest Drive, Pittsburgh, approved by Order of Court at Doc 100 (the "Sale Proceeds");

WHEREAS, as set forth in the Motion to Sale (at Doc 86) the Sale Proceeds were intended to complete the case with a 100% distribution to unsecured creditors;

WHEREAS, the confirmed plan in this case (as filed at Doc 18, and confirmed at Doc 65), provided for non-specially classified unsecured creditors to receive 100%, and further provided for specially classified unsecured creditors (i.e., ECMC (Cl #9)) to be paid $50 per month as long term continuing debt;

WHEREAS, the Sale Proceeds are believed sufficient to complete the plan with 100% being paid to both non-specially classified and specially classified unsecured creditors having filed timely proofs of claims; and

NOW therefore, the parties, those being the Trustee and Debtor(s) (by their attorneys) agree, as indicated by their consents to this Order, that the Sale Proceeds, after deduction of Trustee fees, shall be distributed as follows, notwithstanding anything to the contrary in the plan and confirmation Order:

Page **1** of **3**

(a) First, to pay any outstanding prepetition priority claims.

(b) Second, to pay non-specially classified unsecured creditors 100%.

(c) Third, to pay the outstanding and allowed attorney fees of Counsel to the Debtor(s).

(d) Fourth, to pay the balances due on any pay in full secured claims and any principal due to the long-term continuing debt (up to the takeover date).

(e) Fifth, to pay the balance due (without interest) of the specially classified unsecured claim of ECMC (Cl #9) up to 100% of its timely filed claim.

(f) Sixth, to pay any additional amounts determined to be due after the audit, including any additional amounts for attorney fees of Counsel to the Debtor(s) that was provided for in the plan or any amendment thereto but which has not yet been the addressed by a fee application.

(g) Any surplus shall be refunded to the Debtor(s).

So Ordered, this _____ day of _____, 20____.

_____
U.S. Bankruptcy Judge

Consented to:

/s/ Owen W. Katz
Owen W. Katz
US Steel Tower, Suite 3250
600 Grant Street
Pittsburgh, PA  15219
(412) 471-5566
okatz@chapter13trusteewdpa.com
Attorney for Chapter 13 Trustee

/s/ Kenneth Steidl
Kenneth Steidl, Esquire
Steidl & Steinberg
Suite 2830 – Gulf Tower
707 Grant Street
Pittsburgh, PA  15219
(412) 391-8000
ken.Steidl@steidl-steinberg.com
Attorney for Debtor(s)